UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* JASJIT WALIA and PREET RANDHAWA,<br><br>Plaintiffs-Relators,<br><br>v.<br><br>JOSE ALEMPARTE *et al.*,<br><br>Defendants. | Case No.: 1-18-cv-00510-RJL |

**RELATORS' MOTION TO INITIALLY REFERENCE
"ALL DEFENDANTS" ON DOCKET**

Pursuant to Local Rule 7 and following consultation with the Clerk's Office, Plaintiffs-Relators Jasjit Walia and Preet Randhawa ("Relators") respectfully ask the Court to authorize the Clerk's Office to initially reference "All Defendants" on the docket, rather than individually listing each of the 533 Defendants in this Action.

**I. Background**

1.  On March 5, 2018, on behalf of the United States, Relators filed this *qui tam* action under the False Claims Act, 31 U.S.C. § 3729 *et seq*. ("FCA"). Pursuant to the FCA, Relators filed this lawsuit under seal to provide the Government with an opportunity to investigate Relators' claims. *See* 31 U.S.C. § 3730(b)(2). On December 9, 2024, after executing settlement agreements with certain defendants, the Government notified the Court that it declined to intervene as to the remaining defendants and requested that the Court unseal the case. (ECF 33).

2.  On April 7, 2025, the Court granted Relators' Motion for Leave to Amend and provided Relators until July 1, 2025 to serve Defendants. (Apr. 2, 2025 Minute Order).

1

3. On April 7, 2025, Relators filed the Second Amended Complaint, in which they allege FCA claims on behalf of the United States against 533 Defendants. (ECF 48). Relators allege that Defendants are healthcare providers that overcharged Medicare for radiopharmaceutical products utilized in nuclear stress testing. *Id*. ¶¶ 1-4. Relators allege that Defendants were only permitted to bill Medicare for the acquisition cost of the radiopharmaceutical products, but that they billed Medicare at much higher rates. *Id*. Accordingly, Relators allege that Defendants violated the FCA by, *inter alia*, submitting false reimbursement claims to Medicare. *Id*. ¶¶ 7-8.

4. On or about April 25, 2025, through counsel, Relators sent requests for waiver of service packages to the 533 Defendants pursuant to Federal Rule of Civil Procedure 4(d).

5. Given this case's unique case management challenges arising from the number of Defendants, Relators' counsel spoke with the Clerk's Office on May 7, 2025 and May 13, 2025 to determine how the Court would prefer Defendants to be entered on the docket.

6. On May 13, 2025, the Clerk's Office informed Relators' counsel that it would be more practicable to initially list Defendants on the docket under an omnibus "All Defendants" category, rather than individually listing each of the 533 Defendants. Relators' understanding is that under this approach, as Defendants first appear on the docket – through an executed waiver-of-service form, an executed summons, or otherwise – the filing party will individually enter the appearing Defendant's information. Accordingly, each Defendant ultimately will be individually listed on the docket other than those who do not waive service, cannot be formally served, and do not otherwise appear. The Clerk's Office advised Relators to file a motion with the Court requesting this relief, and Relators now do so.

7. The "Court possesses broad discretion in managing its docket," Grimes v. D.C., 308 F. Supp. 3d 93, 104 (D.D.C. 2018) (Leon, J.) (quotations omitted), including with respect to

"deciding case management and scheduling matters," Fla. v. United States, 820 F. Supp. 2d 85, 89 (D.D.C. 2011).

8. As described above, Relators' understanding is that the process recommended by the Clerk's Office will avoid the onerous process of initially entering each of the 533 Defendants on the docket by referencing Defendants under an omnibus "All Defendants" category. At the same time, this initial categorical reference will not impair the integrity of the docket since all (or nearly all) Defendants will ultimately be individually listed on the docket as they make their first appearances. Consistent with the Court's broad discretion to manage its docket, Relators respectfully suggest that this process is warranted under the circumstances and will conserve resources of the Court and the parties.

For these reasons, Relators request that the Court (1) list all Defendants who do not waive service in this matter under an omnibus category on the docket titled "All Defendants" for the purposes of maintaining uniform deadlines related to the pleadings; (2) list those Defendants who waive service individually on the docket for the purposes of maintaining their specific deadlines related to the pleadings, and (3) for any Defendants who later timely waive service following the filing of this motion, list those defendants individually on the docket for the purposes of maintaining their specific deadlines related to the pleadings.

Dated: May 15, 2025         /s/ Jonathan Z. DeSantis

                                          W. Scott Simmer (D.C. Bar #460726)
                                          The Watergate, Suite 10-A
                                          600 New Hampshire Avenue, NW
                                          Washington, D.C. 20037
                                          Telephone:202-333-4562
                                          Facsimile: 202-337-1039
                                          Email: ssimmer@baronbudd.com

                                          **LAW OFFICE OF HENRY F. FURST**

Henry F. Furst (admitted *pro hac vice*)
One Claridge Drive
Verona, New Jersey 07044
Telephone: (973) 454-2620
Email: hfurst@hfurstlaw.com

**WALDEN MACHT HARAN & WILLIAMS LLP**

Daniel R. Miller (admitted *pro hac vice*)
Jonathan Z. DeSantis (admitted *pro hac vice*)
Walden Macht Haran & Williams LLP
2000 Market Street, Suite 1430
Philadelphia, PA 19103
Tel: (215) 825-5283
Email: dmiller@wmhwlaw.com
Email: jdesantis@wmwhlaw.com

***Attorneys for Relator***